UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ANA I. PORTILLO ESPANA, Individually, and as heir of GERALDO DIAZ GUERRERO, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:23-cv-00016 |
| MIDFIRST BANK and MIDLAND MORTGAGE, | § § § § | |
| Defendant. | § | |

## OPINION

The Court now considers Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff did not respond, so by operation of the Local Rules, the motion is unopposed.[2] After duly considering the record and relevant authorities, the Court **GRANTS** the motion and **DISMISSES** the case **WITH PREJUDICE**.

### I.  BACKGROUND

This is a preemptive foreclosure lawsuit. Plaintiff filed suit in state court on December 29, 2022, to prevent a foreclosure sale of property scheduled for January 3, 2023.[3] In her original petition, she alleges that she, as heir to the mortgagor, is entitled to a temporary restraining order ("TRO"). She also seeks damages for negligence, breach of contract, RESPA claims, and claims under the Texas Property Code.[4]

---

[1] Dkt. No. 4.
[2] L.R. 7.4.
[3] Dkt. No. 1-4 at 3, ¶ 8.
[4] *Id.* at ¶ 9.

1

The state court granted Plaintiff's application for a TRO and scheduled a hearing for January 17, 2023.[5] Defendant removed the case to this Court on January 16, 2023.[6] Defendant now moves to dismiss the case for failure to state a claim upon which relief can be granted.[7]

## II.   DISCUSSION

### A.   Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1332. Plaintiff is an individual living in Texas,[8] and is therefore a citizen of Texas.[9] Midland Mortgage is a division of MidFirst Bank, which is a federally chartered saving association with its main office in Oklahoma.[10] Therefore, Defendants are citizens of Oklahoma.[11]

Plaintiff seeks to prevent a foreclosure,[12] and the amount in controversy in this suit is measured by the value of the object of the litigation, the home,[13] which the Court notes is listed in the Hidalgo County Central Appraisal District as having an appraised value of $208,233.[14] Accordingly, the Court agrees with Defendant that jurisdiction is proper under 28 U.S.C. § 1332.[15]

### B.   Legal standard

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[16] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of

---

[5] Dkt. No. 1-3.
[6] Dkt. No. 1.
[7] Dkt. No. 4.
[8] Dkt. No. 1-4 at 1, at ¶ 2.
[9] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).
[10] Dkt. No. 1 at 3, ¶ 11.
[11] 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).
[12] Dkt. No. 1-4 at 7, ¶ 20.
[13] *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009).
[14] Dkt. No. 1-6.
[15] Dkt. No. 1.
[16] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).

action."[17] Courts first disregard from their analysis any conclusory allegations as not entitled to the assumption of truth,[18] but regard well-pled facts as true, viewing them in the light most favorable to the plaintiff.[19] Courts then undertake the "context-specific" task of determining whether the remaining well-pled allegations give rise to an entitlement to relief that is plausible, rather than merely possible or conceivable.[20]

   *C. Analysis*

Plaintiff's claims will be addressed in turn:

   1. <u>Negligence</u>

Plaintiff's wandering section on negligence begins by talking about negligence but ends up discussing breach of contract and the requirements of the "Bureau of Consumer Financial Bureau [sic]".[21] Insofar as the petition keeps its eyes on the road, it alleges that Defendants negligently failed to communicate with Plaintiff regarding loan modification pursuant to the Deed of Trust.[22]

"Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach."[23] Defendant points out that it owes no legal duty to communicate to Plaintiff since she is not a party to the Deed of Trust.[24] She is the heir to the mortgagor. But even if Plaintiff was owed a duty by the mortgagee, she does not provide enough factual detail to sustain a claim for negligent misrepresentation, and she did not supplement her factual allegations in response to the instant motion. Therefore, Plaintiff's negligence claim is dismissed.

---

[17] *Twombly*, 550 U.S. at 555.
[18] *See id.* at 678–79.
[19] *Id.*
[20] *See id.* at 679–80.
[21] Dkt. No. 1-4 at 4-5, ¶¶ 13-19.
[22] *Id.*
[23] *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008).
[24] Dkt. No. 4 at 6, ¶ 12.

2. Breach of contract

For similar reasons, Plaintiff's breach of contract claim fails. Plaintiff had no contract with Defendants. Rather than make a *legal* argument that Plaintiff is standing in the shoes of the mortgagor for purposes of this action, Plaintiff's petition equivocates by referring to both herself and the mortgagor as the "Plaintiff" (singular).[25] For good measure, Defendants' motion cites caselaw specifically stating that "plaintiffs cannot bring suit for breach of contract if they are not a party to the Deed of Trust and never assumed the Borrower's interests under the loan agreement."[26]

3. RESPA

Plaintiff's only mention of RESPA is contained in the summary of her claims and is not pursued in the causes of action section.[27] Even taking the complaint as a whole, the factual allegations are insufficient to piece together a RESPA claim on Plaintiff's behalf. The claim that Plaintiff refers to in the summary section cannot pass the minimum pleading standards to state a claim.[28]

4. Texas Property Code

Plaintiff alleges that Defendants' failure to notify her of the foreclosure sale violates Texas Property Code § 51.002.[29] But neither the original petition nor any subsequent filings indicate that a foreclosure sale has actually taken place. Defendants correctly point out that § 51.002 does not provide an independent cause of action because it does not "contain its own enforcement mechanism."[30] Rather, "federal courts have construed claims under Section 51.002 to be wrongful

---

[25] Dkt. No. 1-4 (throughout).
[26] Dkt. No. 4 at 8, ¶ 18 (citing *Swannie v. Bank of N.Y., Mellon*, 2012 WL 2942242, at *3 (N.D. Tex. July 19, 2012) and *Spraggins v. Caliber Home Loans, Inc.*, 2020 WL 8366645 (N.D. Tex. Dec. 31, 2020)).
[27] Dkt. No. 1-4 at 4, ¶ 9.
[28] *See Twombly*, 550 U.S. at 679–80.
[29] *Id.* at 6, ¶¶ 20-24.
[30] *See e.g.*, *Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013).

foreclosure claims."[31] But there is no wrongful foreclosure claim where no foreclosure has taken place, as is the case here.[32]

### III. HOLDING

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**. Plaintiff's requests for injunctive relief[33] and attorney's fees[34] are dependent on the other claims, and therefore are **DISMISSED** as well. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of February 2023.

_____
Micaela Alvarez
United States District Judge

---

[31] *Id.* (citing *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *7–8 (S.D. Tex. June 6, 2012); *Bittinger v. Wells Fargo Bank NA*, 2011 WL 3568206, at *4–5 (S.D. Tex. Aug. 15, 2011)).

[32] *See Suarez v. Ocwen Loan Servicing, LLC*, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) ("Failure to comply with Texas Property Code §§ 51.002 (b) and (d) does not provide Plaintiff with a cause of action prior to an actual foreclosure sale.") (citing *Crucci v. Seterus, Inc.*, 2013 WL 6146040, at *3 (W.D. Tex. Nov. 21, 2013)); *see also Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (citing *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013)) ("A party cannot 'state a viable claim for wrongful foreclosure' if the party 'never lost possession of the Property.'").

[33] Dkt. No. 1-4 at 9-10, ¶¶ 46-49.

[34] *Id.* at 7, ¶ 33.